JOHN J. MURPHY, RELATOR, v. DOUGLAS CUDDY, RESPONDENT.

Submitted May 3, 1938—Decided October 13, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the relator, *William J. McCormack*.

For the respondent, *Edmond J. Dwyer* (*Joseph F. Zeller*, of counsel).

BROGAN, CHIEF JUSTICE. The relator filed an information in the nature of a *quo warranto* under section 4 of the statute (*Rev. Stat.* 2:84-7), claiming title to the office of "clerk of the police court of the city of Orange." It appears that on October 6th, 1936, he was designated *"Acting* Clerk of the Police Court * * * by John M. Drabell, the then Director of Public Safety of Orange, New Jersey, and the municipal clerk was so advised in writing. The respondent made answer denying the relator's right to the office; several pleas included in the answer alleged that the relator was appointed *acting* clerk and that no such office exists; further, a denial that the office of clerk of the police court is occupied by the respondent—the allegation in this particular being that respondent has not acted in the capacity of clerk but is a regularly appointed police officer of the city of Orange and has been assigned to clerical duties in the Police Court and the department of public safety in addition to his duties as

a member of the police department; that relator was dismissed as acting clerk in the interest of economy, and that relator's status as a veteran does not entitle him to the protection of the statute (*Rev. Stat.* 38:16) concerning tenure of office for veterans since he claims an office with a fixed term under the municipal ordinance.

The relator's replication denies the allegations of the plea generally, admitting, however, that the respondent is a member of the police department of the city of Orange but denying that the respondent renders only clerical service, and charging that the office was not eliminated for purposes of economy but that he was discharged for political reasons.

The cause was referred to the Circuit Court to ascertain the facts which are briefly stated as follows: that the city of Orange is governed by the provisions of chapter 211 of the laws of 1911, commonly known as the Walsh act (*Rev. Stat.* 40:70-1); that on March 7th, 1933, the governing body, by ordinance, created the office of clerk of the Police Court of the city of Orange, fixed the compensation attaching thereto and the term—three years; that on October 6th, 1936, John M. Drabell, one of the governing body, then director of the department of public safety, notified the city clerk, by letter, that he had appointed the relator as "acting clerk of the Police Court of the city of Orange," effective October 6th, 1936, in accordance with the city ordinance, but that relator, already in the employ of the municipality as supervisor of auto buses, licenses, and general field license work at a salary of $1,200 a year, would continue such work in addition to the duties of the Police Court and that his salary should be paid out of the street department account for the remainder of the calendar year, 1936. The relator signed an oath required by law (*Rev. Stat.* 40:46-19; 41:1-1) to perform the duties of *"acting* clerk of the *police department* of the city of Orange." It should be noted here that the ordinance of March 7th, 1933, makes no mention of the office of acting clerk and that so far as the record before us shows there is no such office as clerk to the police department.

Thereafter the relator performed the duties of clerk of the Police Court from the date of his appointment up to June 1st, 1937. The court stationery carried the name of the relator as court clerk and his salary checks, with the exception of one, designated him as such clerk.

On April 10th, 1937, Commissioner Drabell was transferred from the office of director of public safety to another department and Maurice H. Caldwell, also a commissioner of the city of Orange, was assigned to the directorship of the department of public safety. On May 18th, Mr. Caldwell dismissed the relator from his office as clerk and on May 25th, he was relieved of all other duties with respect to the supervision of auto buses, licenses, &c., and the position of license inspector was abolished, as the written notice stated, in the interests of economy. On June 1st, 1937, the respondent, at the direction of Director Caldwell, took over the duties theretofore performed by the relator in the Police Court and excluded the relator therefrom.

In addition to the facts as found by the Circuit judge, the parties have stipulated further facts, namely, that the relator was dismissed without a hearing and without charges being preferred against him; that there is no ordinance or resolution in the municipal records which creates the position or office of acting clerk of the Police Court; that the respondent is a regularly appointed police officer of the city of Orange and that as such he is under the jurisdiction of the director of the department of public safety.

Ordinarily our first inquiry would be whether such office as "acting clerk," to which the relator was appointed, legally exists. If it does not, no legitimate claim to it can be asserted by the relator. *Pellechia* v. *Mattia,* 118 *N. J. L.* 512. The stipulation by the parties admits that there is no such office as "acting clerk." That admission normally would end the matter, but it is argued that Director Drabell intended that relator should be Police Court clerk and not acting clerk. This is not a legitimate inference from the facts and circumstances surrounding relator's appointment. The office of

clerk was created by ordinance separate and apart from any other office in the department. It would have been a simple matter to have named the relator as clerk but this the appointing power did not do, and the only legitimate inference from the record is that Director Drabell at the time did exactly what he intended to do, namely, appoint the relator as an acting—not the permanent clerk of the court. This being the record of the official minutes of the municipality, it can neither be altered nor modified by the parol testimony. *Campbell* v. *Hackensack,* 115 *N. J. L.* 209, 215. Nor can the weakness of the title of the respondent be any support to the relator's claim. He has the burden of establishing his own right to the office in question and the infirmity of his adversary's title or occupancy cannot benefit him. *Manahan* v. *Watts,* 64 *Id.* 465; *Dunham* v. *Bright,* 85 *Id.* 391; *Florey* v. *Lanning,* 90 *Id.* 12; *McCarthy* v. *Walter,* 108 *Id.* 282, 285; *Toomey* v. *McCaffrey,* 116 *Id.* 364.

It is next argued that even an oral appointment to office is sufficient. That question is not in this case for the reason that Director Drabell made the appointment in writing and the writing is controlling.

Again, the oath of office, executed by the relator, recited that he would perform "the duties of acting clerk of the police department." There is nothing in the record to indicate that there is any such position or office as *acting* clerk of the *police department* and, in any event, that is not the office claimed by relator.

No argument is made concerning whether relator possesses any advantage due to his status as a veteran so that point is abandoned.

We conclude that the relator was never appointed to the office of clerk of the Police Court of the city of Orange and that there must be a judgment for the respondent, with costs.